669 So.2d 247 (1996)
THE FLORIDA BAR, Complainant,
v.
John Emil MARKE, Respondent.
No. 84377.
Supreme Court of Florida.
March 7, 1996.
*248 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and Ronna Friedman Young, Bar Counsel, Fort Lauderdale, for Complainant.
Andrew Helgesen of Harris, Kikey & Helgesen, P.A., Palm Beach Gardens; and Richard C. McFarlain and Charles A. Stampelos of McFarlain, Wiley, Cassedy & Jones, P.A., Tallahassee, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by John Emil Marke. We have jurisdiction. Art. V, § 15, Fla. Const.
Marke petitions this Court for review of the referee's recommended sanction. The referee recommended that Marke be found guilty of violating Rules Regulating the Florida Bar 4-1.7(a), 4-1.7(b), and 4-1.9(a)[1] due to the conflict of interest involved in his representation of two clients. The referee recommended a thirty-day suspensionwith automatic reinstatement at the end of the suspensionwhich the Bar urges the Court to accept. We approve the recommended suspension.
Marke represented Mr. and Mrs. Ali Sadik-Ogli in forming Rahim Associates, Inc. ("Rahim") in 1983. Marke represented both Rahim in its business dealings and also the Sadik-Oglis on a number of unrelated matters over a fourteen-year period.
In 1991, VAO Intourist ("Intourist"), a Soviet travel agency, approached Rahim about buying the corporation. Mrs. Sadik-Ogli sold Intourist her stock, and Mr. Sadik-Ogli sold half of his stock and conveyed a purchase option for the remaining shares. Mr. Sadik-Ogli entered a two-year employment agreement with Intourist/Rahim to continue managing the company's day-to-day operations and train his successor. Although the agreement provided the company could terminate at any time, Sadik-Ogli would continue to earn his salary through the two-year period unless terminated for cause. If terminated, he was required to offer his stock upon a fixed payment schedule. He signed a five-year non-competition covenant.
Marke drafted the Sale and Purchase Agreement, the Employment Agreement, and the Shareholders' Agreement for the Sadik-Oglis, on their instructions. Marke stated he thought of himself as the Sadik-Oglis' personal attorney in these matters, although Rahim was billed.
Problems surfaced between the Sadik-Oglis and Intourist over control of Rahim. Mrs. Sadik-Ogli consulted Marke (on behalf of her husband, the minority shareholder) and asked him to draft a letter to Intourist to address her concerns; he refused, stating that as majority shareholder, Intourist could do as it wished.
*249 Marke assisted Rahim in preparing a termination letter for Mr. Sadik-Ogli. The Sadik-Oglis had repeatedly contacted Marke during this period and requested that he correct the "wrongdoing" they alleged; his response was that since they had gotten the money they were promised they were not injured, and that Intourist now owned the company and could do as it pleased. Mrs. Sadik-Ogli wrote a letter to Rahim requesting back pay she believed was due her as an employee. Mr. Sadik-Ogli at this time requested that Marke prepare a name change for an inactive corporation he also owned (Rahim Tours, Inc.) so that he could reactivate the corporation without confusion as to Rahim (which had been sold to Intourist). Marke did not file for the name change.
Marke at this time (September 10, 1993) wrote a letter to the Sadik-Oglis terminating any agreement between them. He wrote that after consulting with the new Rahim president about Mrs. Sadik-Ogli's demand letter, he could not support their actions and had advised Rahim against payments. Marke also wrote that he would advise Rahim to sue, although he acknowledged that he could not bring the suit. Marke continued to take Rahim's side over several aspects of the employment agreement, even though he had drafted it for the Sadik-Oglis. Mr. Sadik-Ogli's unemployment claim was allowed over the company's contentionexpressed by Markethat Mr. Sadik-Ogli was fired for insubordination. Although Marke drafted the Sale and Purchase Agreement, the Employment Agreement, and the Shareholders' Agreement for the Sadik-Oglis, he opposed them both on their unemployment claims and represented the new owners on the unemployment claims and other disputes concerning Mr. and Mrs. Sadik-Ogli.
Marke does not contest the referee's findings of fact.
In recommending that Marke be found guilty of violating rules 4-1.7(a), 4-1.7(b), and 4-1.9(a), the referee cited (1) a letter from Marke stating that Marke was completely on Intourist's "side" in the disputes that had arisen with the Sadik-Oglis, (2) Marke's representation of Rahim in the preparation of Mr. Sadik-Ogli's termination letter, and (3) Marke's representation of Rahim in the unemployment compensation proceedings and in letters surrounding the proceedings.
The referee recommended a thirty-day suspension, with automatic reinstatement at the end of the suspension. He found two aggravating factors (pattern of misconduct with respect to the course of Rahim/Intourist/Sadik-Ogli eventsand substantial experience in the practice of law) and one mitigating factor (absence of prior disciplinary record) to be present.
Marke makes three arguments before this Court: (1) that reprimand, not suspension, is the appropriate sanction in these circumstances, (2) that the referee may have relied on inapplicable foreign case law in reaching his recommendation, and (3) that other case law relied on by the referee is inapplicable to the decision. We find these arguments to be without merit in the instant case.
In reviewing the record, we find that the facts listed above constitute more than enough evidence to support the referee's recommendation.
Marke is hereby suspended from the practice of law for a period of thirty days. The thirty-day suspension will be effective thirty days from the filing of this opinion so that Marke can close out his practice and protect the interests of existing clients. If Marke notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Marke shall accept no new business from the date this opinion is published until the suspension is completed. The costs of these proceedings are taxed against Marke and judgment is entered in the amount of $3,184.25, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs in part and dissents in part.
NOTES
[1] Respectively: improperly representing a client when representation of that client was directly adverse to the interests of another client; improperly representing a client when the lawyer's exercise of independent professional judgment was materially limited by the lawyer's responsibilities to another client, or to a third person, or by the lawyer's own interest; and improperly representing a client in the same or a substantially related matter in which that client's interest was materially adverse to the interests of a former client.